**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1891-RLW |
| | ) | |
| ST. ANTHONY'S HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by Missouri State prisoner Joseph Michael Devon Engel, prison registration number 1069055. For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss the complaint.

### 28 U.S.C. § 1915(b)(1)

At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. However, in the body of the complaint, plaintiff writes: "Application to Proceed in District Court Without Prepaying Fees or Costs," and he avers he earns $5.00 per month. The Court liberally construes plaintiff's statement as a request for leave to bring this action without prepaying fees or costs, or in other words, to proceed *in forma pauperis*. Having considered plaintiff's request and his averments concerning his monthly income, the Court has determined to grant the request and assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information plaintiff has provided. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be

granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## The Complaint

Plaintiff identifies himself as a sovereign citizen, and he also avers he is a civilly-committed detainee. However, review of publicly available records shows he is actually a convicted and sentenced State prisoner. The instant complaint is one of more than one hundred and thirty (130) civil actions plaintiff has filed in this Court since September 2020.

The complaint at bar is handwritten on notebook paper. Plaintiff titled the complaint "Prisoner Civil Rights Complient [*sic*] Under 42 U.S.C. 1983." (ECF No. 1 at 1). He names the following eleven entities and individuals as defendants: St. Anthony's Hospital, Director, Assistant Director, Superintendent, Assistant Superintendent, St. Anthony's Urgent Care Fenton, Director Urgent Care, Assistant Director Urgent Care, Assistant Superintendent Urgent Care, Superintendent Urgent Care, and Board of Trustees for St. Anthony's Hospital. Plaintiff's statement of claim is stated in its entirety as follows:

> This is in regards to the assault that occur[e]d to me where I was beaten in Hillsboro left for dead and I went to St. Claire Hospital did nothing then to St. Ant. [Urgent] care, did nothing. My skull broke, eye socket broke, nas[a]l cavity broke and jaw broke no one did nothing but give me pain pill send me on my way. I want a lawyer appointed on this and get what departments I missed please and Dr. Nurses, LPN, Ext.

*Id.* at 2.

Plaintiff identifies his injuries as "Psyc, Physical, Freedom, life, Religion, Body, Sourvin Citizn [*sic*]." *Id.* at 1. In setting forth his prayer for relief, plaintiff writes: "I want a top of the line fully loaded armor[e]d Chevy Sub[u]rban full size black on black rims too Bose STEARO [*sic*] everything you can think of in fact one for every family member I have." *Id.* (emphasis in original). Plaintiff also seeks "20,000 stocks" in numerous companies, including Visa, Mastercard, GMC, Ford, Honda, Dell, Gateway, and Apple, and he seeks monetary relief from each of the named defendants in specific amounts ranging from "7,875 Trillion" to "10,000 Trillion." *Id.* at 2.

## Discussion

Plaintiff avers he brings this action pursuant to 42 U.S.C. § 1983,[1] which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 685 (1978). Section 1983 imposes liability on state actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).  To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.*

In the case at bar, the defendants are either private entities, or private individuals who are employed by or affiliated with those entities. No defendant is a government actor, and the complaint contains no allegations permitting the inference that any defendant was a willing participant in a joint action with a government actor. Additionally, the complaint contains no allegations that plaintiff's federally protected rights were violated. Plaintiff can be understood to allege he sought medical treatment at a non-party hospital and later at St. Anthony's Urgent Care, and was misdiagnosed and/or received incorrect or negligent treatment. Because plaintiff has failed to establish that a state actor violated his federally protected rights, his § 1983 claims against the defendants must fail.

Even if it could be said plaintiff met the foregoing requirements, the complaint would fail to state a claim upon which relief may be granted against any of the named defendants. Plaintiff makes no attempt to explain how St. Anthony's Urgent Care Fenton or any other entity or individual named

---

[1]Plaintiff alleges no other basis for this Court's jurisdiction over this action, and none is apparent. This Court would not have jurisdiction over this action pursuant to 28 U.S.C. § 1332 because plaintiff does not allege, nor is it apparent, that the parties are completely diverse. Additionally, plaintiff can be understood to claim he was misdiagnosed and/or that he received negligent or incorrect treatment, not that he received non-uniform treatment. There is therefore no basis to construe plaintiff's allegations as an attempt to bring a claim under the Emergency Medical Treatment and Active Labor Act.

as a defendant was personally involved in or directly responsible for incidents that injured him, as required to state a claim under § 1983. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (determining that because the plaintiff did not allege the defendant was personally involved in or directly responsible for incidents that injured him, his claims were not cognizable in § 1983 action). Finally, plaintiff's allegations are nothing more than the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found deficient, and that this Court is not required to accept as true. *Iqbal,* 556 U.S. at 678.

It also appears this action is subject to dismissal because it is frivolous. Plaintiff bases his entitlement to relief, at least in part, on his alleged status as a sovereign citizen. He also asserts he is entitled to an award consisting of elaborately outfitted vehicles for himself and his family, stocks in various companies, and trillions of dollars from each defendant. Plaintiff's assertions and demands are not grounded in reality, and in fact rise to the level of the irrational or the wholly incredible. They are therefore "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25.

It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of more than one hundred and thirty (130) complaints plaintiff has recently filed in this Court, alleging that his civil rights have been violated by state actors and by private entities and individuals. Plaintiff submitted the pleadings in bulk, and stated he intended each set of pleadings be docketed as an individual civil action. The nature of those pleadings and plaintiff's demands for relief are roughly the same as those in the instant action. It therefore appears plaintiff filed this action as part of a general campaign of harassment, not as a legitimate attempt to vindicate a cognizable right. *See Spencer,* 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right). *See also In re Tyler*, 839 F.2d at 1293 (an action can be considered malicious if it is part of a longstanding pattern of abusive

and repetitious lawsuits) and *Cochran*, 73 F.3d at 1316 (When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

For all of the foregoing reasons, the complaint is subject to dismissal. In consideration of plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint, the Court concludes it would be futile to direct him to file an amended complaint in this action. Therefore, the Court will dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action..

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>4th</u> day of May, 2021.